UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BEATA LOVAS,

    Plaintiff

v.

INCLINATOR COMPANY OF AMERICA, INC.,

    Defendant

Case No.: 2:22-cv-00627-APG-NJK

**Order Granting Emergency Motion to Remand**

[ECF No. 4]

Defendant Inclinator Company of America, Inc. removed this action from state court nearly four years after the complaint was filed against it and approximately two weeks before trial. ECF Nos. 1; 4-2; 4-4. Inclinator contends its removal is timely under the so-called "revival exception" to 28 U.S.C. § 1446's 30-day time limit for removal. ECF No. 1. Plaintiff Beata Lovas filed an emergency motion to remand, contending that removal is untimely.[1] ECF No. 4.

Some courts have recognized a judicially created exception to the 30-day removal window called the "revival" exception. *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). This exception "provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Id.* Where courts recognize the exception, the determination of whether revival is appropriate is case-specific, "with reference to [the exception's] purposes and those of the 30-day limitation on removal to which it is an exception, and against a background of general considerations relating to the proper allocation of decision-

---

[1] Lovas also asserts that diversity jurisdiction did not exist at the time of removal. I need not address that issue because removal was untimely.

making responsibilities between state and federal courts." *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982).

Thus far, the Ninth Circuit has declined to address whether a "revival" exception to the removal time limit exists. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142-43 (9th Cir. 2013) ("[W]e have no occasion to decide whether to join other circuits in recognizing a 'revival exception,' which according to BMW gave it another thirty days to remove when Kuxhausen expanded her suit from one strictly against Crevier to one against all California–BMW dealerships." (internal footnote omitted)).  District courts within the Ninth Circuit have expressed skepticism about the propriety of such an exception, given that the removal statutes are to be strictly construed. *See, e.g.*, *Brown v. Rivera*, No. 2:15-CV-01505-CAS, 2015 WL 2153437, at *5 (C.D. Cal. May 6, 2015); *Dunn v. Gaiam, Inc.*, 166 F. Supp. 2d 1273, 1279 (C.D. Cal. 2001).

Even if the revival exception exists in the Ninth Circuit, it does not apply in this case. The original complaint asserted against Inclinator claims for negligence, strict products liability, negligent design/manufacture/inspection/warning, breach of warranty, and negligent hiring, retention, training, and supervision. ECF No. 4-4 at 13-16, 23-28, 33-37, 39-40, 43-45, 48-50, 53-55.  The amended complaint, filed two days ago with the state court's permission, drops the negligence-based claims but retains the originally filed strict products liability and breach of warranty claims. ECF Nos. 4-5; 4-20.  Thus, the nature of the case has not fundamentally changed and there is no basis for this untimely removal nearly four years too late and on the eve of trial.  I therefore grant Lovas's emergency motion to remand.

Lovas requests fees under 28 U.S.C. § 1447(c).  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

I decline to address Lovas's request for attorney's fees without first allowing Inclinator to respond. I retain jurisdiction after remand to address Lovas's request for attorney's fees. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445, 448 (9th Cir. 1992) ("[B]ecause the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand, the district court retained jurisdiction after remand to entertain Plaintiffs' motion for attorney's fees."); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending."). Consequently, I remand immediately and retain jurisdiction to address the attorney's fee request. The request for attorney's fees will be briefed under a normal briefing schedule.

I THEREFORE ORDER that plaintiff Beata Lovas's emergency motion to remand **(ECF No. 4) is GRANTED**. This case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

I FURTHER ORDER that I retain jurisdiction over the request for attorney's fees. Defendant Inclinator Company of America must file a response, if any, under the normal briefing schedule for a motion for attorney's fees.

DATED this 15th day of April, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE